

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

June 6, 1972

Honorable Ned Granger
County Attorney
Travis County Courthouse
Austin, Texas 78701

Opinion No. M-1145

Re: Driver Age Requirements
for Transportation Enterprises,
Inc., under Article 6687b,
V.C.S.

Dear Mr. Granger:

You request our opinion on the following:

"1. Are drivers of buses utilized in a local shuttle bus operation conducted by Transportation Enterprises, Inc., pursuant to a contract entered into by and between the University of Texas Board of Regents and the company furnishing the shuttle bus service classified as operators of a 'public or common carrier' as those classifications are used in Art. 6687b, Section 5, V.T.A.S.?

"2. If the answer to (1) above is in the negative, then must the drivers of such buses have reached twenty-one years of age to qualify as lawful operators of such buses under any other applicable statute?"

The facts in this case are:

"The shuttle bus services are presently being rendered pursuant to a contract entered into by and between the University of Texas Board of Regents and Transportation Enterprises, Inc.

"A contract requires Transportation Enterprises, Inc., to transport only students, faculty, and staff of the University of Texas at Austin, and dependents of students enrolled in the University of Texas at Austin.

"Transportation Enterprises, Inc., is compensated only by the University of Texas predicated upon miles operated and not upon the number of persons transported. No individual fares or tickets are sold.

". . .

"The contract entered into by and between the University of Texas Board of Regents and Transportation Enterprises, Inc., initially required drivers to be at least twenty-one years of age.

"By modification of the contract, entered between the University of Texas Board of Regents and Transportation Enterprises, Inc., the age requirement  of drivers was reduced to eighteen years."

You have also stated that Transportation Enterprises, Inc., operates exclusively within the city limits and suburbs of the City of Austin.

We note that Section 5 (a) of Article 6687b, Vernon's Civil Statutes, permits seventeen year old drivers of school children's buses and conclude that the Legislature has taken due regard for the safety aspects of such drivers in passing all of the provisions in Section 5 of Article 6687b.

The only Texas opinions found dealing with an analogous police power statute[1] are in Cedziwoda v. Crane-Longley Funeral Chapel, 273 S.W.2d 455 (Tex. Civ. App., 1954), rev'd on other grounds, 155 Tex. 99, 283 S.W.2d 217 (1955). In that case the Court of Civil Appeals held that an ambulance was not a public carrier on the ground that:

> "Where one. . . does not hold himself out as ready to
> carry all persons who may choose to employ him, but
> agrees, by way of special undertaking, to transport
> persons for hire. . . he is not a common carrier, but
> is a special or private carrier. Such is the test applied
> in Texas." [Emphasis added.]

In the Supreme Court's opinion reversing the Court of Civil Appeals on other grounds, Judge Calvert in his dissent stated:

> "Having decided to reverse and remand the case on the
> theory expressed in the opinion the majority did not

---

[1]   Article 6701b, V.C.S.

reach plaintiff's second point. It is that defendant is a public carrier under the provisions of Sec. 2 of Art. 6701b and therefore does not enjoy the exemption provided in Sec. 1. Since this matter is not discussed by the majority I see no need to dwell on it at length. Suffice it to say that in my opinion the term 'public carrier' as used in Sec. 2 of Article 6701b is synonymous with the term 'common carrier' and does not embrace motor vehicles which are operating under private or individual contracts of hire."

It appears that passenger transportation, regardless of mode, will be classified as those of a common carrier only if the service is available to all members of the public who request it. Transportation Enterprises' transportation services are limited, according to your letter, to students, students' dependents, faculty and staff of the University of Texas at Austin. Therefore, it is our opinion that Transportation Enterprises' passenger transportation pursuant to its contract with the University of Texas cannot be classified as those of a common carrier under Section 5 (b) of Article 6687b, which prohibits drivers under twenty-one from operating common carrier vehicles.

In reply to your second question, we know of no other statute which would require private or special carriers' drivers to be twenty-one years or older.

We expressly do not pass on the tort liability standard of care for Transportation Enterprises, Inc., or any similar passenger transportation service.

## SUMMARY

Passenger transportation by a carrier not holding out its services to all members of the public is not a common carrier as that term is used in Section 5 (b), Article 6687b, V. C. S., and the drivers of the vehicles may be less than twenty-one years old.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by James H. Cowden
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman

W. Dyer Moore, Jr.
Ralph Rash
Gordon Cass
John Reeves

SAMUEL D. McDANIEL
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant